**FISHER & PHILLIPS LLP**
Samantha Sherwood Bononno
Two Logan Square, 100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
Telephone:    610.230.2172
sbononno@fisherphillips.com

**WHEELER TRIGG O'DONNELL LLP**
Jessica G. Scott (*pro hac vice anticipated*)
Andrew H. Myers (*pro hac vice anticipated*)
Brian T. Ruocco (*pro hac vice anticipated*)
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:    303.244.1800
Facsimile:    303.244.1879

Attorneys For Defendant
FedEx Ground Package System, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS M. DERIEUX, III, individually and on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.; DALI TRANSPORTATION INC.; BARRINGTON LOGISTICS, INC.; and JOHN DOES 1-5 and 6-10,<br><br>      Defendants. | CASE NO. :__cv_____<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL** |

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") removes the below described action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This Court has jurisdiction over the claims asserted in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**PROCEDURAL HISTORY**

1. On May 26, 2021, Plaintiff Francis M. Derieux, III ("Plaintiff") filed a putative wage-and-hour class action styled *Derieux v. FedEx Ground Package System, Inc. et al.*, Case No. CAM-L-001577-21, by filing a Class Action Complaint and Jury Demand in the Superior Court of New Jersey – Camden County (the "State Court Action").

2. Plaintiff was formerly employed as a delivery driver by two independent business entities, Dali Transportation Inc. and Barrington Logistics, Inc., with which FedEx Ground contracted for package delivery services. These independent businesses are referred to as "Service Providers." (Compl. ¶¶ 1–4.)

3. Plaintiff claims that FedEx Ground is his joint employer and asserts claims against it and the two Service Providers for alleged failure to pay wages and overtime wages. (Compl. ¶¶ 13–22.) He also brings a putative class action against FedEx Ground on behalf of other individuals performing work as a driver for defendants in New Jersey. (Compl. ¶¶ 24–25.)

4. FedEx Ground was provided with the service from the State Court action on June 14, 2021. (Exhibit 1, Decl. of B. Ruocco.) This Notice of Removal is thus timely filed within 30 days of receiving the Complaint, as required by 28 U.S.C. § 1446(b).

5. True and correct copies of the Service of Process Transmittal, Process Server Delivery Details, Letter from Plaintiff's Counsel, Summons, Class Action Complaint and Jury

Demand, and Civil Case Information Sheet are attached to Exhibit 1. Plaintiff has not served on FedEx Ground any other process, pleadings, or orders. *See* 28 U.S.C. § 1446(a) (requiring attachment of all state court pleadings).

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place and county where the State Court Action was pending and where the Complaint was filed.

7. A true and correct copy of this Notice of Removal is being submitted for filing with the Clerk for the Superior Court of New Jersey – Camden County, and is being served on the counsel of record for Plaintiff and the other Defendants. *See* 28 U.S.C. § 1446(d) (requiring notice to adverse parties and state court).

8. No waiver or admission of fact, including without limitation the amount of potential damages, is intended by this Notice of Removal, and FedEx Ground reserves all rights and defenses under applicable law.

**GROUNDS FOR REMOVAL**

9. Plaintiff brings this case as a class action pursuant to New Jersey Court Rule 4:32. (Compl. ¶¶ 24–25.) Thus, this removal based on diversity jurisdiction under CAFA is proper where, as here, the putative class contains at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

10. By design, CAFA "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). When a defendant seeks removal under CAFA, the defendant need only file a

notice of removal "containing a short and plain statement of the grounds for removal." *Id.* (quoting 28 U.S.C. § 1446(a)).

11. "Congress, by borrowing the familiar short and plain statement standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* at at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988)). Accordingly, CAFA's provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* at 88 (quoting S. Rep. 109-14, at 43 (2005)). Furthermore, no anti-removal presumption applies to class actions invoking jurisdiction under CAFA. *See id.* at 82 ("[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court."); *Gallagher v. Johnson & Johnson Consumer Cos., Inc.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) ("[T]he presumption against removal does not apply to class actions invoking jurisdiction under the Class Action Fairness Act.").

12. This putative class action satisfies all the jurisdictional requirements under CAFA. The allegations in the Complaint and the attached declarations demonstrate that: (1) the parties are minimally diverse; (2) the proposed class consists of 100 or more members; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; and (5) the exceptions to CAFA jurisdiction do not apply here. *See* 28 U.S.C. § 1332(d).

      **A.**      **There Is Sufficient Minimal Diversity of Citizenship**

13. Plaintiff, an individual, alleges he is a resident of the State of New Jersey. (Compl. ¶ 1.) Further, Plaintiff asserts his claims on behalf of a putative class of former and current drivers who performed work for defendants within the State of New Jersey. (Compl. ¶ 25.) It is a reasonable inference that at least one member of the putative class is domiciled in and, thus, a citizen of New Jersey. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile").

14. FedEx Ground is a corporation organized under the laws of the State of Delaware with its principal place of business in Moon Township, Pennsylvania. (Exhibit 2, Decl. of B. Ferron ¶ 3.) FedEx Ground's top leadership principals are located in Moon Township, Pennsylvania. For instance, the President & Chief Executive Officer, Chief Financial Officer, General Counsel, and Chief Operating Officer are all located in and at all times relevant to this action have been located in Moon Township, Pennsylvania. All high-level decisions about FedEx Ground's business, strategy, operations, and investments are made from its headquarters in Moon Township, Pennsylvania. (*Id.* ¶¶ 4–5.) Virtually all of FedEx Ground's high-level strategic planning, decisions and analysis are performed within its headquarters in Pennsylvania, and all litigation is overseen from the headquarters in Moon Township, Pennsylvania. (*Id.* ¶ 6.)

15. FedEx Ground is, therefore, a citizen of both Delaware and Pennsylvania for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . .").

16.     Accordingly, because at least one putative class member is a citizen of a different state than FedEx Ground, CAFA's requirement for minimal diversity is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

17.     There is no requirement for FedEx Ground to have the consent of the other defendants. *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019) ("The Class Action Fairness Act of 2005 (CAFA) provides that '[a] class action' may be removed to federal court by 'any defendant without the consent of all defendants.'" (quoting 28 U.S.C. § 1453(b)).

**B.     The Putative Class Size Exceeds 100 Members**

18.     CAFA requires that the putative class be comprised of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). This requirement is satisfied here.

19.     Plaintiff brings this action on behalf of a putative class comprised of "[a]ny individual performing work as a Home Delivery Driver for Defendants in the State of New Jersey from two years preceding the date on which Plaintiffs' original complaint was filed to the present." (Compl. ¶ 25.) Further, "Plaintiffs anticipate that there are, at a minimum, multiple hundreds of members that comprise the class." (Compl. ¶ 27.)

20.     In addition, according to the Complaint, "Derieux and all members of the Class" were not "compensate[d] for all hours worked, including overtime compensation due and owing for all hours worked above 40 per week." (Compl. ¶ 31.)

21.     Thus, taking Plaintiff's allegations of prevalence of unpaid overtime at face value, it is clear that the alleged putative class is comprised of at least 200 members. Plaintiff agrees. Although the Complaint does not allege a specific number, Plaintiff states that there are

"multiple hundreds of members" of the putative class, which at a minimum is 200 members. (Compl. ¶ 27.) *Cf. Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) ("Because Judon explicitly asserted in her complaint that there are 'hundreds of members' Travelers was entitled to rely on this fact as an admission in favor of jurisdiction. . . . And in alleging the number 200 in its notice of removal, Travelers simply relied on the smallest number of potential class members consistent with Judon's allegations.").

22.     Further, for purposes of complying with Department of Transportation regulations, FedEx Ground maintains data that can be used to ascertain the drivers who have delivered packages to-and-from FedEx Ground stations while employed by Service Providers. This data includes at least 400 unique entries associated with Dali Transportation Inc. and Barrington Logistics, Inc. Thus, FedEx Ground's records show that at least 400 individuals have worked as drivers for these two Service Providers in New Jersey since March 26, 2019. (Exhibit 2, Decl. of Ferron ¶ 8.)

        **C.     CAFA'S AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

23.     To confer subject-matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. *Id.* § 1332(d)(6).

24.     Plaintiff's Complaint alleges that Defendants "fail[ed] to pay for all hours worked at the time such wages were due and owing" and "Defendants further failed to pay Plaintiffs for

all hours worked," thereby alleging that Plaintiff was not paid for any hours in a week above 40 hours. (*See* Compl. Preliminary Statement; *see also* Compl. ¶¶ 13–15.)

25. Although FedEx Ground denies Plaintiff's allegations and denies that the putative class is entitled to any relief from FedEx Ground, in determining the amount in controversy the Court must assume the allegations in the Complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. CAFA's amount-in-controversy requirement is satisfied under these pleading standards.

26. FedEx Ground is permitted to make such reasonable assumptions, follow "a reasonable chain of logic," and make reasonable calculations to plead that the amount in controversy exceeds the CAFA threshold. *See Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 401 (3d Cir. 2016) ("The Supreme Court has likewise instructed that we may only dismiss if it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'"); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) ("[D]efendants relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million."); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").

27. FedEx Ground does not employ delivery drivers, does not determine—or even know—how those drivers are compensated by their Service Providers, and does not maintain employment records identifying the number of compensable hours they work on a weekly basis.

Nonetheless, Plaintiff provided information in the Complaint that logically facilitate these calculations:

a. **Putative Class Members:** There are—at a minimum—200 putative class members according to Plaintiff's Complaint. (*See* ¶¶ 18–22, *supra*.) According to FedEx Ground records, there are at least 400 putative class members. (Exhibit 2, Decl. of Ferron ¶ 8.)

b. **Putative overtime hours:** Plaintiff claims that he worked a minimum of 32 overtime hours per week and up to 50 overtime hours per week, or an average of 41 overtime hours per week. (Compl. ¶¶ 17–19.)

c. **Potential overtime damages based on the New Jersey minimum wage:** Based on the New Jersey minimum wage at each point during the class period,[1] an individual alleging 15 hours of overtime over a two-year period claims $25,385.25 in damages. A 200-person class therefore claims $5,077,050 in damages for 15 hours of overtime per week at the New Jersey minimum wage. At 32 overtime hours per week, the class claims $10,831,040. Note that Plaintiff claimed that 32 overtime hours per week was the <u>minimum</u> he worked and the amount in controversy "is not measured by the low end of an open-ended claim." *Angus*, 989 F.2d at 146.

   i. The minimum wage in New Jersey was $8.85 from January 1, 2019, to June 30, 2019; $10.00 from July 1, 2019, through the end of 2019; $11.00 in 2020; and $12.00 in 2021. *See* New Jersey's Minimum Wage, New Jersey

---

[1] Plaintiff does not allege a minimum wage violation.

        Department of Labor (last visited July 8, 2021), https://www.nj.gov/labor/wageandhour/assets/PDFs/minimumwage_postcard.pdf.

ii. Accordingly, the minimum overtime hourly rates for these periods were $13.27, $15.00, $16.50, and $18.00, respectfully.

iii. The class period includes five weeks at a minimum overtime rate of $13.27, 26 weeks at a minimum overtime rate of $15.00, 52 weeks at minimum overtime rate of $16.50, and 21 weeks at a minimum overtime rate of $18.00.

iv. The below table shows the calculations for an individual who worked 15 hours of overtime per week at the New Jersey minimum wage for the operative period.

| Time Period | Weeks | Minimum Overtime Rate | Overtime Hours Per Week | Minimum Total |
|---|---|---|---|---|
| May 26–June 30, 2019 | 5 | $13.27 | 15 | $995.25 |
| July 1–December 31, 2019 | 26 | $15.00 | 15 | $5,850.00 |
| 2020 | 52 | $16.50 | 15 | $12,870.00 |
| January 1, 2021–May 31, 2021 | 21 | $18.00 | 15 | $5,670 |
|  |  |  |  | $25,385.25 |

9

d. **Potential overtime damages based on Plaintiff's allegations:** Plaintiff claims that he was paid a daily flat rate of $150.00. (Compl. ¶ 12.) For an 8-hour workday, Plaintiff was therefore allegedly paid $18.75 per hour. His overtime rate would accordingly be $28.12. If each of a 200-member putative class worked 15 overtime hours per week, each individual would be owed $43,867.20 and the class would be owed $8,773,440. And if each of a 200-member putative class worked 32 overtime hours per week, the class would be owed $18,716,672. If the 400-person number was used based on FedEx Ground's records (Exhibit 2, Decl. of Ferron ¶ 8), Plaintiff's allegations would easily show an amount in controversy far above $5,000,000.

e. The below table shows the calculations for a 200-person class who worked 15 hours of overtime per week at Plaintiff's alleged rate of pay.

| Time Period | Weeks | Minimum Overtime Rate | Overtime Hours Per Week | Minimum Total |
|---|---|---|---|---|
| May 26, 2019– May 26, 2021 | 104 | $28.12 | 15 | $43,867.20 |
| | | | | $8,773,440 |

28. Plaintiff alleges that he worked for Defendants for approximately 17 weeks, i.e., from January 2020 to April 2020. (Compl. ¶ 7.) He claims to have worked between 32 and 50 overtime hours per week, or 41 overtime hours per week on average. (Compl. ¶¶ 12, 18.) At a

minimum overtime rate of $28.12, he claims to be owed at least $19,599.64 based on 41 overtime hours per week. Even assuming a 260-person class who worked just 17 weeks each at these numbers would place the amount in controversy above the CAFA jurisdictional threshold.

29. Even if the Court ignored Plaintiff's allegations (*see* ¶ 24, *supra*; *see also* Compl. ¶¶ 13–15) and assumed that Plaintiff asserts a claim for overtime premium pay only (i.e., that he was paid for all hours worked but was not paid 1.5 times his regular rate of pay for overtime hours), a 200-member putative class would easily put an amount in controversy above $5,000,000. A 200-person putative class, asserting $9.37 per hour in additional overtime pay (based on a $28.12 rate, *see* ¶ 27(d), *supra*) for 32 hours per week for two years would allege an amount in controversy of $6,236,672.

30. Even low-end calculations plausibly show an amount in controversy in excess of $5,000,000. Again, the amount in controversy "is not measured by the low end of an open-ended claim." *Angus*, 989 F.2d at 146. Any reasonable estimation of these claims places them well above the amount-in-controversy threshold.

31. Further, these calculations <u>do not</u> include attorney's fees, which are recoverable under the claims asserted in the Complaint. *See* New Jersey Stat. Ann. § 34:11-56a25 ("If any employee is paid by an employer less than the minimum fair wage to which the employee is entitled . . . under the provisions of [the New Jersey Wage and Hour Law], the employee may recover in a civil action . . . costs and reasonable attorney's fees as determined by the court"); *see also Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (attorney's fees count toward CAFA's amount-in-controversy threshold).

  **D.**  **The Primary Defendant Is Not a State, State Official, of Government Entity**

  32.  CAFA does not provide a basis for subject-matter jurisdiction if the primary defendant is a state, state official, or other governmental entity against whom the district court may be foreclosed from ordering relief. *See* 28 U.S.C. § 1332(d)(5)(A). All Defendants named in the Complaint are private entities. This CAFA requirement is, thus, satisfied.

  **E.**  **The Exceptions to CAFA Jurisdiction Do Not Apply**

  33.  Plaintiff bears the burden of establishing the exceptions to CAFA jurisdiction. *See Mejias v. Goya Foods, Inc.*, No. 320CV12365BRMTJB, 2021 WL 2142623, at *4 (D.N.J. May 26, 2021) ("However, once [CAFA] jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand . . . applies.").

  34.  Plaintiff's Complaint shows that none of the exceptions apply. One of the exceptions requires that all claims in the class action relate solely to securities or the internal governance of a business entity. *See* 28 U.S.C. § 1332(d)(9). Here, none of the claims relates to securities or internal governance.

  35.  The second of the CAFA exceptions is the "home state exception." This exception applies only if <u>all</u> of the "primary defendants" are citizens of the state in which the action was filed. *See Alegre v. Atl. Cent. Logistics*, No. CIV.A. 15-2342 SRC, 2015 WL 4607196, at *10 (D.N.J. July 31, 2015). FedEx Ground is a primary defendant and, at the very least, one of the primary defendants. *See* 28 U.S.C. § 1332(d)(3)–(4). And FedEx Ground is not a citizen of New Jersey. (*See* ¶ 14, *supra*.)

  36.  Accordingly, none of the CAFA exceptions apply.

## **CONCLUSION**

37. For the foregoing reasons, FedEx Ground respectfully gives notice that the State Court Action pending in the Superior Court of New Jersey – Camden County is removed to this Court.

Dated:  July 14, 2021.                              Respectfully submitted,


                                                   */s/ Samantha Sherwood Bononno*
                                                   Samantha Sherwood Bononno
                                                   Fisher & Phillips LLP
                                                   Two Logan Square
                                                   100 N. 18th Street, 12th Floor
                                                   Philadelphia, PA 19103
                                                   Telephone:     610.230.2172
                                                   sbononno@fisherphillips.com

                                                   Jessica G. Scott (*pro hac vice anticipated*)
                                                   Andrew H. Myers (*pro hac vice anticipated*)
                                                   Brian T. Ruocco (*pro hac vice anticipated*)
                                                   Wheeler Trigg O'Donnell LLP
                                                   370 Seventeenth Street, Suite 4500
                                                   Denver, Colorado 80202
                                                   Telephone:     303.244.1800
                                                   Facsimile:      303.244.1879
                                                   Email:    scott@wtotrial.com
                                                                  myers@wtotrial.com
                                                                  ruocco@wtotrial.com


                                                 Attorneys for Defendant, FedEx Ground Package System, Inc.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 14, 2021, I electronically filed the foregoing **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following addresses:

- Kevin M. Costello
  COSTELLO & MAINS, LLC
  Attorney I.D. No. 024411991
  18000 Horizon Way, Suite 800
  Mount Laurel, NJ 08054
  856.727.9700
  Attorney for Plaintiff

                                                                           */s/ Samantha Sherwood Bononno*
                                                                           Samantha Sherwood Bononno