# Exhibit 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS M. DERIEUX, III, individually and on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.; DALI TRANSPORTATION INC.; BARRINGTON LOGISTICS, INC.; and JOHN DOES 1-5 and 6-10,<br><br>    Defendants. | **DECLARATION OF BRIAN T. RUOCCO** |

Brian T. Ruocco declares and states:

1.      I am an associate at the law firm of Wheeler Trigg O'Donnell LLP, I am over 21 years of age, and I have personal knowledge of the matters stated in this declaration. If asked to testify, I would be competent to testify to these matters.

2.      Wheeler Trigg O'Donnell LLP represents FedEx Ground Package System, Inc. in this matter.

3.      Attached as Exhibit 1-A is a true and correct copy of the Service of Process Transmittal served in *Derieux v. FedEx Ground Package System, Inc. et al.*, Case No. CAM-L-001577-21 (N.J. Super. Ct. May 26, 2021) ("the State Court Action").

4.      Attached as Exhibit 1-B is a true and correct copy of the Process Server Delivery Details in the State Court Action.

5.      Attached as Exhibit 1-C is a true and correct copy of a letter from Plaintiff's counsel that was sent to FedEx Ground in relation to the State Court Action.

6.      Attached as Exhibit 1-D is a true and correct copy of the Summons in the State Court Action.

7.      Attached as Exhibit 1-E is a true and correct copy of the Class Action Complaint and Jury Demand in the State Court Action.

8.      Attached as Exhibit 1-F is a true and correct copy of the Civil Case Information Sheet for the State Court Action.

9.      Attached as Exhibit 1-G is a true and correct copy of the Notice of Filing of Notice of Removal that will be concurrently filed in the State Court Action.

10.     I declare under penalty of perjury that the foregoing is true and correct. Executed on July 14, 2021.

Dated:  July 14, 2021.                    Respectfully submitted,


                                          _s/_ *Brian Ruocco*
                                          _____
                                          Brian T. Ruocco
                                          Wheeler Trigg O'Donnell LLP
                                          370 Seventeenth Street, Suite 4500
                                          Denver, Colorado 80202
                                          Telephone:    303.244.1800
                                          Facsimile:    303.244.1879


                                          Attorney for Defendant FedEx Ground Package
                                          System, Inc.

# Exhibit 1-A

 **CT Corporation**

**Service of Process Transmittal**
06/14/2021
CT Log Number 539731342

**TO:** Matthew Endlish
Fedex Ground Package System, Inc.
1000 FED EX DR
MOON TOWNSHIP, PA 15108-9373

**RE:** **Process Served in New Jersey**

**FOR:** FedEx Ground Package System, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Francis M. Derieux, III, etc., Pltf. vs. FEDEX GROUND PACKAGE SYSTEM, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Demand< attachment(s), Statement |
| **COURT/AGENCY:** | Camden County - Superior Court - Law Division, NJ<br>Case # CAML157721 |
| **NATURE OF ACTION:** | Dailure to pay wages for all hours worked at the time such wages were due and owing |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/14/2021 at 14:04 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days of receipt, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Miriam S. Edelstein<br>COSTELLO & MAINS, LLC<br>18000 Horizon Way, Suite 800<br>Mount Laurel, NJ 08054<br>856-727-9700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/15/2021, Expected Purge Date: 06/20/2021<br><br>Image SOP<br><br>Email Notification,  Matthew Endlish  matthew.endlish@fedex.com<br><br>Email Notification,  Lisa Santucci  lisa.santucci@fedex.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
06/14/2021
CT Log Number 539731342

**TO:**  Matthew Endlish
Fedex Ground Package System, Inc.
1000 FED EX DR
MOON TOWNSHIP, PA 15108-9373

**RE:**  **Process Served in New Jersey**

**FOR:**  FedEx Ground Package System, Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# Exhibit 1-B



# PROCESS SERVER DELIVERY DETAILS

**Date:**                  Mon, Jun 14, 2021

**Server Name:**       Drop Service

| Entity Served | FEDEX GROUND PACKAGE SYSTEM, INC. |
|---|---|
| Case Number | CAML157721 |
| Jurisdiction | NJ |



Exhibit 1-C

# Costello & Mains, LLC

### Counselors at Law

**Kevin M. Costello◊+**
**Deborah L. Mains○**
**Daniel T. Silverman□**
**Drake P. Bearden, Jr. ◊□**



**Jacquelyn R. Matchett □**
**Christopher M. Emrich □**
**Alicia R. Ivory□**
**Miriam S. Edelstein □○**
**Christina M. D'Auria □**
**Bryan J. Horen+**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

June 11, 2021

**VIA PROCESS SERVER**
FedEx Ground Package System, Inc.
c/o Registered Agent:
C T Corporation System
820 Bear Tavern Road
West Trenton, NJ 08628

> Re:   **Francis M. Derieux, III v. FedEx Ground Package System, Inc., et al.**
> **Docket No.: CAM-L-1577-21**

To Whom It May Concern:

　　Enclosed for service upon you please find the following:  Summons and Complaint; Case Information Statement; track assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

　　Thank you.

Very truly yours,

**COSTELLO & MAINS, LLC**

By:   ___*/s/ Miriam S. Edelstein*___
　　　　**Miriam S. Edelstein**

MSE/lms
Enclosures
cc:   Francis M. Derieux, III

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

# Costello & Mains, LLC

**Counselors at Law**

**Kevin M. Costello◊+**
**Deborah L. Mains○**
**Daniel T. Silverman□**
**Drake P. Bearden, Jr. ◊□**



**Jacquelyn R. Matchett □**
**Christopher M. Emrich □**
**Alicia R. Ivory□**
**Miriam S. Edelstein □○**
**Christina M. D'Auria □**
**Bryan J. Horen +**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

June 11, 2021

**VIA PROCESS SERVER**
FedEx Ground Package System, Inc.
c/o Registered Agent:
C T Corporation System
820 Bear Tavern Road
West Trenton, NJ 08628

> Re:     **Francis M. Derieux, III v. FedEx Ground Package System, Inc., et al.**
>           **Docket No.: CAM-L-1577-21**

To Whom It May Concern:

Please be advised that this office represents the interests of the above-named plaintiff in this action.

The term "you," "your" or "yours" as used herein shall refer to you (the recipient of this letter), as well as any and all named defendants in this matter, its affiliates and/or subsidiaries, its employees, representatives and/or agents and officials, as well as any and all individuals responsible for the custody and control of the below information, including but not limited to those individual's administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

You are directed from this point forward to prevent any "spoliation", defined as alteration, change, updating, periodic destruction of, editing or deletion of, any of the information which is set forth hereafter.

If you cause any such alteration, destruction or change, directed or allow it to occur, you will be potentially charged with discovery rule violations for which sanctions may be imposed. Further, the Complaint may be amended to add purposeful and/or reckless or negligent

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

June 11, 2021
Page 2 of 3

destruction or spoliation of evidence. Finally, we may ask for specific instructions to the jury to find certain facts to your disadvantage by virtue of the destroyed or inaccessible evidence.

### Electronically Stored Information

In terms of electronically stored information, you are directed to prevent any destructive, alterative or other change to any web pages, virtual profiles or identities (including *but not limited to* Myspace, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Google Plus+, Flickr, Vine, About.me, ask.fm etc. or any other social media-based web profile or networking site account.), emails, voice messages, text messages, instant messages or messaging systems, pertaining in any way to this controversy or to the parties or witnesses, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

You are directed not modify, alter or delete—or allow modifications, alterations or deletions to be made to—any such electronically stored information unless an exact replica or "mirror image" has been made and will preserved and made accessible for purposes of discovery in this litigation and unless, in addition, an activity log of all document modifications already made to any electronically stored information is maintained.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

You are further directed to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

June 11, 2021
Page 3 of 3

## **Paper Information**

In terms of paper information, you are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files, pay stubs or duplicates, spreadsheets, lists, documents, notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

Please be guided accordingly.

Very truly yours,

**COSTELLO & MAINS, LLC**

**By:** _____*/s/ Miriam S. Edelstein*_____
**Miriam S. Edelstein**

MSE/lms
cc:    Francis Derieux

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

Exhibit 1-D

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| FRANCIS M. DERIEUX, III, individually and on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.; DALI TRANSPORTATION INC., BARRINGTON LOGISTICS, INC.; and JOHN DOES 1-5 and 6-10,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>CAMDEN COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO: CAM-L-1577-21<br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/  Michelle M. Smith
Clerk of the Superior Court

DATED: June 11, 2021

**Name of Defendant to be Served:**          FedEx Ground Package System, Inc.
c/o Registered Agent:
C T Corporation System

**Address of Defendant to be Served:**          820 Bear Tavern Road
West Trenton, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

# Exhibit 1-E

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| FRANCIS M. DERIEUX, III, individually and on behalf of himself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY – LAW DIVISION |
| Plaintiff(s), | CIVIL ACTION |
| vs. | |
| FEDEX GROUND PACKAGE SYSTEM, INC.; DALI TRANSPORTATION INC.; BARRINGTON LOGISTICS, INC.; and JOHN DOES 1-5 and 6-10, | DOCKET NO: **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Defendant(s). | |

Plaintiff, Francis M. Derieux, III ("Derieux"), residing in Lindenwold, New Jersey, on behalf of himself and all others similarly situated (collectively, "Plaintiffs") by way of Class Action Complaint against the defendants, says:

**Preliminary Statement**

This matter is brought under the New Jersey Wage and Hour Law ("NJWHL") and New Jersey Wage Payment Law ("NJWPL") on behalf of Plaintiffs for failure to pay wages for all hours worked at the time such wages were due and owing.

**Identification of Parties**

1.      Plaintiff Francis M. Derieux, III ("Derieux") is, at all relevant times herein, a resident of the State of New Jersey and was a joint and/or dual and/or special employee of the defendants within the meaning of the NJWHL and NJWPL.

2.      Defendant FedEx Ground Package System, Inc. ("FedEx") is, at all relevant times herein, a corporation conducting business in the State of New Jersey at 5 Commerce Drive, Barrington, New Jersey, 08007, and, at all relevant times herein, was Plaintiff's joint and/or dual and/or special employer within the meaning of the NJWHL and NJWPL.

3.      Defendant Dali Transportation Inc. ("Dali") is a New Jersey corporation located at 485 Wood Avenue, Iselin, New Jersey, 08830, and at all relevant times herein was plaintiff's joint and/or dual and/or special employer within the meaning of the NJWHL and NJWPL.

4.      Defendant Barrington Logistics, Inc. ("Barrington Logistics") is a New Jersey corporation located at 109 S. Main St, East Windsor, New Jersey, 08512, and at all relevant times herein was plaintiff's joint and/or dual and/or special employer within the meaning of the NJWHL and NJWPL.

5.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

**General Allegations**

6.      At all times relevant herein, FedEx contracts with multiple companies, including both Dali and Barrington Logistics (collectively, "Defendants") to provide package delivery services.

7.     Derieux was employed by Defendants as a Home Delivery Driver from in or around January 2020 until in or around April 2020.

8.     Defendants provided a daily flat rate of $150.00 to Derieux and all similarly situated employees ("Plaintiffs") for each day such employee worked.

9.     Alternatively, if any of the Plaintiffs made at least 555 stops in a five-day period, Defendants paid such Plaintiffs $1.35 per stop instead of the daily flat rate for the five-day period.

10.    Each work day, Plaintiffs were required to report to FedEx's location and spend two to three hours working prior to departing the facility to begin making delivery stops.

11.    During this work time, Plaintiffs were required to locate their assigned vehicles, obtain their delivery route for the day, obtain their packages to be delivered on their routes and load their vehicles with the packages for delivery.

12.    Plaintiffs typically worked six days per week for 12 to 15 hours per day.

13.    Defendants failed to pay Plaintiffs for all hours worked.

14.    Defendants further failed to pay Plaintiffs overtime compensation for all hours worked above 40 per week.

15.    Defendants further failed to pay Plaintiffs for all stops made on their delivery routes.

16.    Defendants further failed to keep accurate records of all hours worked by Plaintiffs.

17.    Nevertheless, Plaintiffs were scheduled and required to work six days per week for 12 to 15 hours per day.

18.    Accordingly, Plaintiffs worked between 72-90 hours per week for Defendants.

19.     Despite working between 72-90 hours per week, Defendants failed to pay

Plaintiffs for all hours worked, including overtime rates for all hours worked above 40 per week.

20.     Plaintiffs suffered economic harm as a result of Defendants' actions.

21.     Plaintiffs are not exempt from the overtime requirements of the NJWHL.

22.     Defendants' failures to pay Plaintiffs for all hours worked, including overtime

compensation for hours worked above 40 per week, constitute violations of Plaintiffs' rights

under the NJWHL and NJWPL, mandating the imposition of liquidated damages.

### Class Action Allegations

23.     Plaintiffs hereby repeat and re-allege paragraphs 1 through 22, as though fully set

forth herein.

24.     Derieux brings this class action on behalf of himself and all other persons

similarly situated (collectively, "Plaintiffs") pursuant to N.J. Ct. R. 4:32.

25.     The "Class" which Derieux seeks to represent is defined as:

> **Any individual performing work as a Home Delivery**
>
> **Driver for Defendants in the State of New Jersey from**
>
> **two years preceding the date on which Plaintiffs'**
>
> **original complaint was filed to the present.**

26.     As to numerosity, the Class is so numerous that joinder of all individual members

in one action would be impracticable, and the disposition of their claims through this Class

action will benefit both the parties and the Court.

27.     Plaintiffs anticipate that there are, at a minimum, multiple hundreds of members

that comprise the Class.

28.     The exact size of the Class and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' personnel, payroll and tax records.

29.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

30.     As to typicality, Derieux's claims are typical of the claims of the entire Class and are based on the same legal theories and arise from the same unlawful conduct of the Defendants.

31.     Derieux and all members of the Class each performed Home Delivery Driver services for Defendants in the State of New Jersey during the time period defined the Class period and were each compensated pursuant to the same scheme articulated above by Defendants, which scheme failed to compensate for all hours worked, including overtime compensation due and owing for all hours worked above 40 per week.

32.     As to common questions of fact and law, there is a well-defined community of interest and common questions of fact and law affecting Derieux and all members of the Class.

33.     The questions of fact and law common to all members of the Class predominate over questions which may affect individual members and include the follows:

        (a)     Whether Defendants failed to compensate Plaintiffs for all hours worked in violation of the NJWHL and NJWPL;

        (b)     Whether Defendants failed to provide overtime compensation to Plaintiffs for all hours worked above 40 in each workweek in violation of the NJWHL; and

(c)     The remedies available to Plaintiffs, including back pay due, liquidated damages, attorneys' fees, costs and interest.

34.     As to adequacy of representation, Derieux is an adequate representative of the Class because his interests are aligned, and do not conflict, with the interests of the Class which Derieux seeks to represent.

35.     Derieux will fairly, adequately and vigorously represent and protect the interests of the Class and has no interests that are antagonistic to the Class.

36.     Derieux has retained counsel who are competent and experienced in the prosecution of the claims herein, including in class action litigation.

37.     As to superiority, a class action is superior to other available means for the fair and efficient adjudication of the claims of the Class because, while the aggregate damages which may be awarded to the Class may be substantial, the actual damages suffered by individual members of the Class are comparatively small, resulting in an economically unfeasible and procedurally impracticable expense and burden upon individual litigants and their counsel to seek redress on an individual basis outside of the class procedure for the conduct alleged herein.

38.     Accordingly, the likelihood of individual Class members prosecuting separate claims is remote.

39.     In addition, individual claims brought by individual Class members poses the potential for varying, inconsistent or contradictory judgments, would increase the delay and expense to all parties and the court system and result in multiple trials to determine the same factual issues.

40.     In contrast, proceeding on these claims in a class action presents fewer difficulties for case management, conserves the resources of the parties and the court system and protects the rights of each Class member.

41.     Derieux has no knowledge of any facts or circumstances that would impose difficulty in the management of this action that would preclude its maintenance as a class action.

**COUNT I**

**Violation of the NJWHL**

42.     Derieux hereby repeats and re-alleges paragraphs 1 through 41, as though fully set forth herein.

43.     For the reasons set forth above, Defendants are liable to Derieux and all members of the Class for violating their rights under the NJWHL by failing to compensate Plaintiffs for all hours worked, including overtime compensation.

WHEREFORE, Plaintiffs demand relief from Defendants jointly, severally and in the alternative, together with:

(a)     An order certifying the Class articulated above, appointing Derieux as the representative of the Class and appointing counsel of record for Derieux as counsel for the Class; and thereafter

(b)     Judgment entered by the Court:

(i)     Declaring that the acts and practices complained of herein are in violation of the NJWHL;

(ii)    Directing Defendants to make Plaintiffs whole for all unpaid compensation, including overtime compensation, due as a consequence of Defendants' violation of the NJWHL, together

7

with interest thereon from the date(s) such wages were due but
unpaid;

(iii)    Awarding Plaintiffs liquidated damages in an amount equal to
200% of all economic damages caused by Defendants' violation of
the NJWHL;

(iv)    Awarding Plaintiffs the cost of this action together attorneys' fees,
with statutory enhancement to same; and

(v)    Ordering such other and further relief as the Court may deem just
and proper.

## COUNT II

### Violation of the NJWPL

44.    Derieux hereby repeats and re-alleges paragraphs 1 through 43, as though fully set
forth herein.

45.    For the reasons set forth above, Defendants are liable to Derieux and all members
of the Class for violating their rights under the NJWPL by failing to compensate Plaintiffs for all
hours worked at the time(s) such compensation was due and owing.

WHEREFORE, Plaintiffs demand relief from Defendants jointly, severally and in the
alternative, together with:

(a)    An order certifying the Class articulated above, appointing Derieux as the
representative of the Class and appointing counsel of record for Derieux as
counsel for the Class; and thereafter

(b)    Judgment entered by the Court:

(i)     Declaring that the acts and practices complained of herein are in violation of the NJWPL;

(ii)    Directing Defendants to make Plaintiffs whole for all unpaid compensation due as a consequence of Defendants' violation of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid;

(iii)   Awarding Plaintiffs liquidated damages in an amount equal to 200% of all economic damages caused by Defendants' violation of the NJWPL;

(iv)    Awarding Plaintiffs the cost of this action together attorneys' fees, with statutory enhancement to same; and

(v)     Ordering such other and further relief as the Court may deem just and proper.

**COSTELLO & MAINS, LLC**

**By:   _/s/ Kevin M. Costello_**
**Kevin M. Costello**

Dated: May 26, 2021

## DEMAND TO PRESERVE EVIDENCE

1.     All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.     Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:  _/s/ Kevin M. Costello_
**Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:  _/s/ Kevin M. Costello_
**Kevin M. Costello**

## RULE 4:5-1 CERTIFICATION

1.  I am licensed to practice law in New Jersey and am responsible for the captioned

    matter.

2.  I am aware of no other matter currently filed or pending in any court in any

    jurisdiction which may affect the parties or matters described herein.

### COSTELLO & MAINS, LLC


By: **_/s/ Kevin M. Costello_**
       **Kevin M. Costello**


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

### COSTELLO & MAINS, LLC


By: **_/s/ Kevin M. Costello_**
       **Kevin M. Costello**

# Exhibit 1-F

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-001577-21

**Case Caption:** DERIEUX, III FRANCIS VS FEDEX
GROUND PACKAGE SY

**Case Initiation Date:** 05/26/2021

**Attorney Name:** KEVIN MICHAEL COSTELLO

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : DERIEUX, III, FRANCIS, M

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence?** NO

**Are sexual abuse claims alleged by: FRANCIS M DERIEUX, III?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/26/2021
Dated

/s/ KEVIN MICHAEL COSTELLO
Signed

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN        NJ 08103

                          TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:  MAY 26, 2021
                    RE:    DERIEUX, III FRANCIS  VS FEDEX GROUND PACKAGE  SY
                    DOCKET: CAM L -001577 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL J. KASSEL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    202
AT:  (856) 650-9100 EXT 43134.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:

                          ATT: KEVIN M. COSTELLO
                          COSTELLO & MAINS, LLC
                          18000 HORIZON WAY STE 800
                          MT LAUREL       NJ 08054-4319

ECOURTS

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCIS M. DERIEUX, III, individually
and on behalf of himself and all others
similarly situated,

      Plaintiff,

      vs.

FEDEX GROUND PACKAGE SYSTEM,
INC.; DALI TRANSPORTATION INC.;
BARRINGTON LOGISTICS, INC.; and
JOHN DOES 1-5 and 6-10,

      Defendants.

**DECLARATION OF BENJAMIN
FERRON IN SUPPORT OF NOTICE OF
REMOVAL FILED BY DEFENDANT
FEDEX GROUND PACKAGE SYSTEM,
INC.**

I, Benjamin Ferron, upon personal knowledge, declare and state as follows:

1.    I am over the age of 21 and am competent to testify and have personal knowledge of the matters contained herein. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2.    I am an attorney employed by FedEx Ground Package System, Inc. ("FedEx Ground"). In this capacity, I oversee a variety of legal and litigation-related issues for FedEx Ground. As a result of my position within the Company, I am also familiar with the corporate structure of FedEx Ground.

3.    FedEx Ground was, at the time of the filing of this action, and continues to be a corporation organized under the laws of Delaware.

4.    FedEx Ground's top leadership are located in Moon Township, Pennsylvania. For instance, FedEx Ground's President & Chief Executive Office, Chief Financial Officer, General

Counsel, and Chief Operating Officer are all located in, and at all times relevant to this action have been, located in Moon Township, Pennsylvania.

5.      All high-level decisions about FedEx Ground's business, strategy, operations, and investments are made from its headquarters in Moon Township, Pennsylvania.

6.      Virtually all of FedEx Ground's high-level strategic planning, decisions, and analysis are performed within its headquarters in Pennsylvania, and all litigation is overseen from its headquarters in Moon Township, Pennsylvania.

7.      As reflected on the publicly available website of the United States Securities and Exchange Commission, FedEx Ground is incorporated in the State of Delaware and is headquartered in the Commonwealth of Pennsylvania.

8.      For purposes of complying with Department of Transportation regulations, FedEx Ground maintains data that can be used to ascertain the drivers who have delivered packages to-and-from FedEx Ground stations while employed by Service Providers. This data includes at least 400 unique entries associated with Dali Transportation Inc. and Barrington Logistics, Inc. Thus, FedEx Ground's records show that at least 400 individuals have worked as drivers for these two Service Providers in New Jersey since March 26, 2019.

9.      I declare under penalty of perjury that the foregoing is true and correct. Executed on July 13, 2021.

Dated: _July 13_, 2021.                    Respectfully submitted,

                                           s/ _____
                                           Benjamin Ferron

2