**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCIS M. DERIEUX, III, individually and on behalf of himself and all others similarly situated, | Civ. No. 21-13645-NLH-MJS |
| Plaintiff, | **OPINION** |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM, INC.; DALI TRANSPORTATION INC.; BARRINGTON LOGISTICS, INC.; and JOHN DOES 1-5 and 6-10, | |
| Defendants. | |

**APPEARANCES**:

KEVIN M COSTELLO
MIRIAM S. EDELSTEIN
COSTELLO & MAINS, P.C.
18000 HORIZON WAY
SUITE 800
MOUNT LAUREL, NJ 08054

    *On behalf of Plaintiff*

SAMANTHA SHERWOOD BONONNO
FISHER & PHILLIPS LLP
TWO LOGAN SQUARE
12TH FLOOR
100 N. 18TH STREET
PHILADELPHIA, PA 19103

    *On behalf of Defendant FedEx Ground Package System, Inc.*

**HILLMAN**, District Judge:

    This matter comes before the Court by way of motion [Docket

1

Number 9] of Plaintiff, Francis M. Derieux, III, seeking to remand this matter to the Superior Court of New Jersey, Law Division, Camden County. Defendant FedEx Ground Package Systems, Inc. ("FedEx") opposes the motion. Brief in Opposition to Remand ("Opp. Br."), [Dkt. No. 16]. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons expressed below, Plaintiff's motion will be denied.

I. **BACKGROUND**

Plaintiff brings this putative wage-and-hour class action against Defendants FedEx, Dali Transportation Inc., Barrington Logistics, Inc., and John Does 1-10. Complaint, [Dkt. No. 1-1], at 1-2. He claims Defendants failed to pay wages and overtime wages and brings a putative class action against FedEx on behalf of all other individuals who worked as drivers for Defendants in New Jersey. Id. at ¶¶ 13-25. Plaintiff alleges he worked as a delivery driver for Defendants, though FedEx instead claims it did not employ Plaintiff. Id. at ¶¶ 13-25; Notice of Removal, [Dkt. No. 1], at 1. Rather, FedEx claims it merely contracted with Dali Transportation Inc. and Barrington Logistics, Inc., who acted as "Service Providers" to FedEx, thus FedEx denies that Plaintiff and any potential class members were employees of FedEx. Id.

On May 26, 2021, Plaintiff filed a verified complaint in the

Superior Court of New Jersey, Law Division, Camden County. Certification of Miriam S. Edelstein, Esq. in Support of Remand ("Edelstein Cert."), [Dkt. No. 9-1], at ¶ 2.  The complaint contains two counts generally alleging that Defendants violated the New Jersey Wage and Hour Law and the New Jersey Wage and Payment Law.  Id. at ¶ 3.  FedEx removed the case to this Court on July 14, 2021, alleging that the Court has diversity jurisdiction over the claims asserted in the complaint pursuant the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Notice of Removal, [Dkt. No. 1], at 1-11.  On July 27, 2021, Plaintiff filed the instant motion to remand this matter back to New Jersey state court.  Motion to Remand, [Dkt. No. 9].  FedEx opposed the motion, see Opp. Br., [Dkt. No. 16].

**II.   STANDARD FOR REMOVAL AND REMAND**

A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction to hear the matter in the first instance.  28 U.S.C. § 1441(a), (b).  Federal courts have subject matter jurisdiction over civil actions that involve federal questions and diversity of citizenship.  28 U.S.C. §§ 1331, 1332(a).  Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States."  Id. § 1331.  Diversity jurisdiction exists when the action arises between citizens of different states and the amount in

3

controversy exceeds $75,000. Id. § 1332. In addition, diversity jurisdiction exist in the context of class actions under CAFA, which sets forth diversity requirements specific to class actions. Under CAFA, courts have "'original jurisdiction of any civil action' in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consists of at least 100 or more members ('numerosity requirement')." Judson v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 500 (3d Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588 (2013)). "With respect to the second requirement, CAFA provides that diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" Gallagher v. Johnson & Johnson Consumer Cos., 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting 28 U.S.C. §1 1332(d)(2)(A)).

"Although removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, see, Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009), the presumption against removal does not apply to class actions invoking jurisdiction under" CAFA. Gallagher, 169 F. Supp. 3d at 602. The removing party bears the initial burden of establishing federal subject matter jurisdiction under CAFA. Id. "However,

4

once jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand . . . applies." Id. (citing Kaufman v. Allstate N.J. Ins., 561 F.3d 144, 153 (3d Cir. 2009)); see also Breur v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 698 (2003).

The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S. Ct. 534, 95 L. Ed. 702 (1951). Once the case has been removed, the court may nonetheless remand the case to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Any doubts should be resolved in favor of remand. Boyer v. Snap-on Tools, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085.

### III. **DISCUSSION**

As an initial matter, the Court first determines whether subject matter jurisdiction is present. Here, the Court finds that FedEx properly removed this action pursuant to CAFA. The parties do not dispute that there is minimal diversity between the parties, there are at least 100 class members, and FedEx has established the amount in controversy exceeds $5,000,000. The Court agrees.

There is undoubtedly minimal diversity of citizenship. FedEx is a Delaware corporation with its principal place of business in Pennsylvania. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business"). Thus, FedEx is a citizen of both Delaware and Pennsylvania. Although Plaintiff's complaint does not directly state his citizenship, and instead claims he resides in New Jersey, the Court is satisfied at this time that either Plaintiff or at least one member of the putative class is domiciled in New Jersey and thus is a citizen of New Jersey. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning."). If it at least one putative class member is a

6

citizen of a different state than FedEx – an extremely likely event given the allegations of the complaint - CAFA's first requirement is satisfied.

The second and third requirements are likewise also met. As a putative class action on behalf of "[a]ny individual performing work as a Home Delivery Driver for Defendants in the State of New Jersey from two years preceding the date on which Plaintiffs' original complaint was filed to the present," Complaint, [Dkt. No. 1-1], at ¶ 25, there are, according to FedEx, at least 200-400 class members which well-exceeds CAFA's requirement of a class of at least 100 individuals. Applying the class size against the claims for failure to pay wages and overtime wages, by FedEx's own calculations, the amount in controversy easily exceeds $5,000,000; thus, satisfying the final CAFA element. See Notice of Remand, [Dkt. No. 1], at 6-11 (noting alleged damages ranging from $5.07 million to over $10.83 million in just overtime). The Court is therefore satisfied that FedEx has met its burden of establishing the matter was properly removed and the Court has the requisite subject matter jurisdiction.

Plaintiffs argue, nonetheless, that the Court must remand the case based on the "local controversy doctrine." Although Plaintiffs also note the potential applicability of the "home rule exception," they tacitly admit they cannot demonstrate it at this time, thus making that exception a possible argument for a

7

later day.  Therefore, the only issue before this Court is whether the local controversy doctrine applies.

Plaintiffs seeking to invoke the local controversy exception to CAFA must demonstrate that:

> (1) Greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

Vodenichar v. Halcon Energy Props., Inc., 733 F.3d 497, 506-07 (3d Cir. 2013) (citing 28 U.S.C. § 1332(d)(4)(B).  The party seeking to invoke this exception has the burden of proving each element by a preponderance of the evidence.  Id. at 503 (citing Kaufman, 561 F.3d at 153-54).

Presented with the current record, the Court finds Plaintiff has not met his burden, failing to demonstrate even the first element.  Plaintiff argues merely that it is likely that greater than two-third of the class are New Jersey citizens.  He makes

8

this assertion because the class consists of individuals who work or worked in New Jersey, thus "more likely than not, more than two-third of the putative class members are New Jersey citizens." Brief in Support of Remand, [Dkt. No. 9-2], at 4-5.  This allegation, as FedEx rightly contends, does not establish that "[g]reater than two-thirds of the putative class are citizens of the state in which the action was originally filed."  Vodenichar, 733 F.3d at 506-07 (citing 28 U.S.C. § 1332(d)(4)(B)).

    While the Court is persuaded that at least one member of the putative class is a New Jersey citizen by virtue of the fact that the class works in New Jersey, this by no means establishes that at least two-thirds of the class will be New Jersey citizens. Accordingly, Plaintiff fails to satisfy the first element, making mandatory remand under the local controversy exception an untenable argument at this time.

    Although Plaintiff argues the other elements are met, and FedEx presents opposition, the Court's analysis will go no further based on Plaintiff's failure to demonstrate the first element of the local controversy exception.  Plaintiff may file another, similar motion to remand, but he must plainly demonstrate that at least two-thirds of the class are New Jersey citizens.  Moreover, any such future motion shall be prepared to explain how this matter satisfies the remaining elements, in particular the fourth element of the local controversy exception

9

as FedEx notes there have been multiple, similar class actions filed against FedEx within the last three years.  Nonetheless, the Court agrees with Plaintiff that jurisdictional discovery may be appropriate, leaving the scope of that issue to the parties and the Magistrate Judge to whom the matter is referred.

## IV.   CONCLUSION

For the reasons discussed above, the Court finds that it has jurisdiction over this action and Plaintiff has failed to demonstrate this matter must be remanded under the local controversy exception.  Consequently, Plaintiff's motion to remand will be denied without prejudice.

An appropriate Order will follow.


Date: March 28, 2022              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.