[ECF Nos. 54, 59]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **FRANCIS M. DERIEUX**, individually and on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC.** et al.,<br><br>**Defendants.** | Civil No. 21-13645 (NLH)(EAP) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's motion to amend the complaint. ECF No. 54. Defendant FedEx Ground Package System, Inc. ("FedEx") has opposed the motion, ECF No. 55, and Defendants Dali Transportation, Inc. ("Dali") and Barrington Logistics, Inc. ("Barrington") have filed a joint opposition, ECF No. 56. Plaintiff filed a reply, ECF No. 58, and FedEx filed a motion for leave to file a sur-reply in further opposition to Plaintiff's motion with a sur-reply attached, ECF No. 59. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiff's motion to amend the complaint is **GRANTED**, and FedEx's motion for leave to file a sur-reply is **GRANTED**.[1]

---

[1] Local Rule 7.1(d)(6) provides that "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." "[P]ermission for leave to file a sur-reply is a matter 'committed to the District Court's sound discretion' . . . ." *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 276 (3d Cir. 2001)). Courts in this District have granted leave to file sur-replies to address new issues in the interest of completeness, for complicated and novel legal

## BACKGROUND

Plaintiff Francis M. Derieux, individually and on behalf of others similarly situated, filed this class action lawsuit against Defendants asserting claims for unpaid regular and overtime wages under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a to -56a41, and for the failure to timely pay Plaintiff for all hours worked under New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 to -14.  The Court construes the complaint as asserting separate claims under each statute.

According to the complaint, Plaintiff worked as a Home Delivery Driver for Defendants Dali and Barrington from January 2020 to April 2020.  Complaint ("Compl."), ECF No. 1, Ex. 1-E, ¶ 7.  At the time, FedEx contracted with Dali and Barrington (collectively "Defendants") to provide package delivery services.  *Id.* ¶ 6.  Defendants paid Plaintiff a daily flat rate or, alternatively, $1.35 per stop if Plaintiff made at least 555 stops in a five-day period.  *Id.* ¶¶ 8-9.  Plaintiff alleges that he regularly worked six days per week for twelve to fifteen hours per day.  *Id.* ¶ 12.  Defendants allegedly failed to pay Plaintiff for all hours worked; to pay him overtime compensation for hours worked above forty per week; to pay him for all stops made on his delivery route; and to keep accurate records of all hours worked.  *Id.* ¶¶ 13-16.

Plaintiff defines the "class" in his complaint as "[a]ny individual performing work as a Home Delivery Driver for Defendants in the State of New Jersey from two years preceding the

---

questions, or for unusual circumstances.  *Levey v. Brownstone Inv. Grp., LLC*, No. 11-395, 2013 WL 3285057, at *3 (D.N.J. June 26, 2013), *aff'd*, 590 F. App'x 132 (3d Cir. 2014); *see also Healthquest of Cent. Jersey, LLC v. Antares AUL Syndicate 1274*, No. 18-12375, 2020 WL 4431770, at *6 (D.N.J. July 31, 2020) (explaining that sur-replies are appropriate for addressing new issues raised for the first time in a reply brief, but not for "providing the Court with arguments that could have been included in the earlier opposition brief" (internal quotation omitted)).  FedEx argues that Plaintiff raises new arguments and allegations in his reply brief.  *See* ECF No. 59-1 at 1.  For this reason, and because FedEx's motion for leave to file a sur-reply is unopposed, *see* Dkt. Sheet, the Court grants FedEx's motion.

date on which Plaintiffs' original complaint was filed to the present." *Id.* ¶ 25.  Plaintiff brings this motion to amend his complaint to expand the class period to six years preceding the date on which Plaintiff filed his complaint to align with the limitations period of the NJWPL.  *See* Proposed First Amended Class Action Complaint, ECF No. 54-2, ¶ 25; Plaintiff's Brief ("Pl.'s Br."), ECF No. 54-3 at 1; Certification of Miriam S. Edelstein ("Edelstein Certif."), ECF No. 54-2, ¶ 10.

FedEx opposes the motion, arguing that the Court should deny the motion on futility grounds because (1) overtime claims are not permitted under the NJWPL; (2) overtime claims arise under the NJWHL, and the applicable statute of limitations is two years preceding the filing of the complaint; and (3) Plaintiff cannot use the NJWHL's amended six-year statute of limitations to augment the putative class period because the statutory amendment is not retroactive.  FedEx Brief in Opposition ("FedEx Br."), ECF No. 55 at 1-2.  Dali and Barrington jointly oppose the motion and adopt FedEx's arguments, incorporating them in their brief.  *See* ECF No. 56 at 1-2.

In reply, Plaintiff argues that his allegations establish that Defendants failed to pay the minimum hourly rate due for all hours worked, regardless of whether those hours were worked under or over forty hours per week, and that is sufficient to state a claim under the NJWPL. Plaintiff's Reply Brief, ("Pl.'s Reply Br."), ECF No. 58 at 4-5.  By casting unpaid wages as due and owing under the applicable minimum rate, Plaintiff asserts that his claim arises under the NJWPL and thus, the request to extend the class period to six years falls in line with the NJWPL's six-year limitations period.  *Id*. at 6-7.

In its sur-reply, FedEx argues that Plaintiff did not assert a minimum wage claim in his initial complaint, and he cannot amend his complaint to assert one through the briefing on this motion.  Sur-reply, ECF No. 59-1 at 1.[2]  Furthermore, FedEx alleges that Plaintiff is attempting to

---

[2] The Court agrees with FedEx that a party cannot amend its pleading through briefing. Sur-reply at 1-2; *Manopla v. Sansone Jr.'s 66 Automall,* No. 17-16522, 2020 WL 1975834 at *2

3

mask its unpaid overtime claim by inappropriately re-characterizing it as a minimum wage claim to take advantage of the NJWPL's six-year statute of limitations. *Id*. at 3-4.

The Court addresses these arguments in turn.

## ANALYSIS

**A.     Standard of Review**

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. A party may amend his pleading once as a matter of course within either twenty-one days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of twenty-one days after service of a responsive pleading or twenty-one days after a motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1). If those deadlines have expired, a party may amend his pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). The Rule provides that leave to amend shall be freely given when justice so requires. *Id*. Accordingly, the Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W.R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings."). However, the court may deny a motion for leave to amend where: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.,* 769 F.3d 837, 849

---

(D.N.J. Jan. 10, 2020) (citing *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 182 (3d Cir. 1988)); *Cuoco v. Palisades Collection, L.L.C.*, No. 13-6592, 2015 WL 5823054, at *4 n.1 (D.N.J. Oct. 1, 2015); *Seven Z Enters., Inc. v. Giant Eagle, Inc.*, 379 F. Supp. 3d 455, 457 (W.D. Pa. 2019); *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 665 (D.N.J. 2010). Although it is not clear that Plaintiffs are attempting to do so here, the Court relies on the initial complaint and the proposed amended complaint for its analysis of Plaintiff's claims.

(3d Cir. 2014). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

**B.     Discussion**

Plaintiff seeks to amend the complaint to enlarge the class period from two years to six years preceding the filing of the initial complaint. Edelstein Certif. ¶ 10. Defendants oppose the motion only on the basis of futility. *See* FedEx Br. at 2, 7-8; Dali and Barrington's Joint Brief in Opposition, ECF No. 56 at 1-2. For this reason, the Court will not address the other grounds on which leave to amend may be denied.

Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, the futility of an amendment is governed by the same standards of legal sufficiency as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). Under these standards, a court must accept all factual allegations in a proposed amended complaint as true and view them in the light most favorable to the plaintiff. *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022).

As explained below, since the requested enlargement of the putative class period comports with the statute of limitations for Plaintiff's NJWPL claims, and because leave to amend should be freely given, the Court grants Plaintiff's motion.

    1.     **Plaintiff's NJWPL Claim**

The NJWPL "governs the time and mode of payment of wages due to employees." *Hargrove v. Sleepy's, LLC*, 220 N.J. 289, 302 (2015). The statute provides that "every employee . . . shall have a right of civil action against any . . . employer for the full amount of his wages in any court of competent jurisdiction in this State." N.J.S.A. 34:11-4.7. If an employer violates the

statute, the NJWPL permits an employee to sue to recover the "full amount of his wages." *Id.*; *see also Portillo v. Nat'l Freight, Inc.*, No. 10-7908, 2022 WL 2078276, at *6 (D.N.J. June 9, 2022).

The NJWPL does not contain an explicit statute of limitations. *See Tapia v. Glaze Donuts Corp.*, No. 18-8517, 2019 WL 399135, at *2 n.5 (D.N.J. Jan. 31, 2019). However, courts in this District have held that a private cause of action under the NJWPL is subject to a six-year statute of limitations. *See, e.g., Atis v. Freedom Mortg. Corp.*, No. 15-3424, 2016 WL 7440465, at *3 (D.N.J. Dec. 27, 2016); *Meyers v. Heffernan*, No. 12-2434, 2014 WL 3343803, at *5-8 (D.N.J. July 8, 2014).

FedEx does not concede that a six-year statute of limitations applies to NJWPL claims, and specifically reserves the right to bring that challenge. FedEx Br. at 5 n.2. But, apart from mentioning that the NJWPL does not have an explicit statute of limitations, FedEx does not explain why the six-year statute of limitations accepted by courts in this District does not apply to Plaintiff's NJWPL claim. *See, e.g.*, *Atis*, 2016 WL 7440465, at *3; *Meyers*, 2014 WL 3343803, at *5-8. The Court cannot discern a reason to deviate from the cases respecting the NJWPL's statute of limitations; thus, a putative class period of six years is sufficiently supported by this claim. Plaintiff's claim under the NJWPL—independent of any other claim—supports the expansion of the class period to six years.

Defendants also argue that Plaintiff's amendment is futile because Plaintiff has not asserted a cognizable claim under the NJWPL, and therefore, even if the NJWPL's statute of limitations is six years, Plaintiff cannot use the NJWPL's limitation period to extend the class period. *See* FedEx Br. at 2-5. Defendants assert that Plaintiff is only asserting a claim for unpaid overtime that must be brought under the NJWHL, which has a two-year statute of limitations. *Id*. at 2-3.

6

Plaintiff disagrees and argues that the complaint sufficiently pleads claims under the NJWPL because Defendants failed to "'pay the full amount of wages due to [Plaintiffs] at least twice during each calendar month, on regular paydays" in violation of the NJWPL. Pl.'s Reply Br. at 2 (quoting N.J.S.A. 34:11-4.2). Plaintiff seeks compensation for regular wages that Defendants did not pay him when they were due and owing. *See id.* 2-4. Relying on N.J.S.A. 34:11-4.1, Plaintiff contends that "regular wages" means the minimum hourly rate due based on the total number of hours worked in a week; namely, straight hourly wages up to forty hours per week and time and half for hours worked in excess of forty. *Id.* at 3-6. Plaintiff further contends that these wage rates constitute his "minimum pay of regular wages" due and owing on his regular pay day. *Id.* at 4.

In its sur-reply, FedEx contends that Plaintiff is attempting to "shoehorn an overtime claim" into the NJWPL to take advantage of the NJWPL's six-year statute of limitations even though overtime claims must be brought under the NJWHL, which has a two-year statute of limitations. Sur-reply at 1.

Regardless of how Plaintiff attempts to characterize "regular wages" in his briefing, the Court agrees with Defendants that claims for overtime pay must be brought under the NJWHL. *See, e.g., Doe v. Bloomberg L.P.*, No. 19-9471, 2021 WL 1578358, at *5 (D.N.J. Apr. 22, 2021); *Atis*, 2016 WL 7440465, at *3; *Rodriguez v. Canada Dry Bottling Co., L.P.*, No. 14-6897, 2015 WL 5770502, at *3 (D.N.J. Sept. 30, 2015); *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-552, 2014 WL 3014284, at *5 n.6 (D.N.J. July 3, 2014) ("Plaintiff seems to be seeking overtime payment, which is not addressed by the NJWPL . . . . The claim seems to fall under the New Jersey State Wage and Hour Law . . . ."); *Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 2735655, at *5 (D.N.J. July 8, 2010) ("Generally, claims for failure to pay overtime are

brought under the NJWHL . . . .").

The Court, however, does not interpret the complaint as solely alleging a claim for unpaid overtime pay. Contrary to FedEx's position, the complaint includes a claim under the NJWPL for unpaid regular wages. *See* Compl., Count II. Indeed, the complaint asserts that Defendants "failed to pay Plaintiffs for all hours worked" *in addition to* "overtime compensation for all hours worked above 40 per week." Compl. ¶¶ 13-14 (emphasis added). The original complaint further states claims for Defendants' failure to compensate Plaintiffs for all hours worked in violation of the NJWHL and the NJWPL, and a failure to compensate Plaintiff for hours worked in excess of forty hours per week in violation of the NJWHL. Compl. ¶ 33(a)-(b). Plaintiff does not seek to amend the complaint by adding an NJWPL claim; Plaintiff's original complaint already pled violations under the NJWPL that are distinct from the NJWHL. Plaintiff merely seeks to amend the class period to conform to the NJWPL's six-year statute of limitations. For these reasons, the Court finds that the amendment is not futile.

### 2. Plaintiff's NJWHL Claim

For completeness, the Court addresses the parties' arguments pertaining to the NJWHL. The NJWHL proscribes minimum wage standards in New Jersey. *See* N.J.S.A. 34:11-56a to -56a41. The purpose of the NJWHL is "to establish a minimum wage level for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." N.J.S.A. 34:11-56a. The NJWHL "sets the amount for minimum wage and overtime rates." *Rodriguez*, 2015 WL 5770502, at *3.

In this case, Plaintiff's original complaint seeks damages for unpaid overtime claims under the NJWHL. Compl. ¶ 43. The statute of limitations for claims arising under the NJWHL was

8

two years until August 6, 2019, when the legislature amended the NJWHL's statute of limitations to six years. *See* N.J.S.A. 34:11-56a25.1. For claims accruing before August 6, 2019, the NJWHL provided a two-year statute of limitations. *Morales v. Aqua Pazza LLC*, No. 20-6690, 2022 WL 1718050, at *4 n.8 (D.N.J. May, 27, 2022). For claims accruing after August 6, 2019, the statute of limitations is six years. An action under the NJWHL can be commenced in several ways, but for the purposes of this case, an action is commenced on the date when a complaint is filed in a court of appropriate jurisdiction. *See* N.J.S.A. 34:11-56a25.1.

FedEx argues that Plaintiff's proposed amendment is futile because allowing a class period based on the NJWHL's new six-year limitations period would require a retroactive application of the statutory amendment. FedEx Br. at 5. In other words, allowing a six-year class period will necessarily include some plaintiffs whose NJWHL's claims are subject to the statute's prior two-year statute of limitations unless the new six-year statute of limitations applied retroactively. But that issue is premature. Defendants can challenge the timeliness of the putative class's claims at the class certification stage. To be clear, this decision is without prejudice to Defendants' arguments at a later point that some or all of the putative class members' NJWHL claims are barred under the NJWHL statute of limitations applicable to that specific class member.

For these reasons, the Court finds that the NJWHL's statute of limitations does not make Plaintiff's amendment to expand the class period to six years futile, and the Plaintiff's motion to amend should be granted.

**CONCLUSION AND ORDER**

For the reasons stated above, and for other good cause shown,

**IT IS** on this **20th day of January 2023**,

**ORDERED** that Plaintiff's motion to amend the complaint, ECF No. 54, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall filed the amended complaint within seven (7) days of the date of the entry of the Order; and it is further

**ORDERED** that Defendant FedEx Ground Package System, Inc.'s motion for leave to file a sur-reply, ECF No. 59, is **GRANTED**.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Noel L. Hillman, U.S.D.J.