**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
Tel: (856) 727-9700
Fax: (856) 727-9797
medelstein@costellomains.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCIS M. DERIEUX, III, individually and on behalf of himself and all others similarly situated,<br>    Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.; DALI TRANSPORTATION INC., BARRINGTON LOGISTICS, INC.; and JOHN DOES 1-5 and 6-10,<br>    Defendants. | CIVIL ACTION<br><br>DOCKET NO: 1:21-cv-13645-NLH-EAP<br><br><br><br><br><br>**FIRST AMENDED**<br>**CLASS ACTION COMPLAINT** |

Plaintiff, Francis M. Derieux, III ("Derieux"), residing in Lindenwold, New Jersey, on behalf of himself and all others similarly situated (collectively, "Plaintiffs") by way of this First Amended Class Action Complaint against the defendants, says:

**Preliminary Statement**

This matter is brought under the New Jersey Wage and Hour Law ("NJWHL") and New Jersey Wage Payment Law ("NJWPL") on behalf of Plaintiffs for failure to pay wages for all hours worked at the time such wages were due and owing.

1

## Identification of Parties

1. Plaintiff Francis M. Derieux, III ("Derieux") is, at all relevant times herein, a resident of the State of New Jersey and was a joint and/or dual and/or special employee of the defendants within the meaning of the NJWHL and NJWPL.

2. Defendant FedEx Ground Package System, Inc. ("FedEx") is, at all relevant times herein, a corporation conducting business in the State of New Jersey at 5 Commerce Drive, Barrington, New Jersey, 08007, and, at all relevant times herein, was Plaintiff's joint and/or dual and/or special employer within the meaning of the NJWHL and NJWPL.

3. Defendant Dali Transportation Inc. ("Dali") is a New Jersey corporation located at 485 Wood Avenue, Iselin, New Jersey, 08830, and at all relevant times herein was plaintiff's joint and/or dual and/or special employer within the meaning of the NJWHL and NJWPL.

4. Defendant Barrington Logistics, Inc. ("Barrington Logistics") is a New Jersey corporation located at 109 S. Main St, East Windsor, New Jersey, 08512, and at all relevant times herein was plaintiff's joint and/or dual and/or special employer within the meaning of the NJWHL and NJWPL.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

6. At all times relevant herein, FedEx contracts with multiple companies, including both Dali and Barrington Logistics (collectively, "Defendants") to provide package delivery services.

7. Derieux was employed by Defendants as a Home Delivery Driver from in or around January 2020 until in or around April 2020.

8. Defendants provided a daily flat rate of $150.00 to Derieux and all similarly situated employees ("Plaintiffs") for each day such employee worked.

9. Alternatively, if any of the Plaintiffs made at least 555 stops in a five-day period, Defendants paid such Plaintiffs $1.35 per stop instead of the daily flat rate for the five-day period.

10. Each work day, Plaintiffs were required to report to FedEx's location and spend two to three hours working prior to departing the facility to begin making delivery stops.

11. During this work time, Plaintiffs were required to locate their assigned vehicles, obtain their delivery route for the day, obtain their packages to be delivered on their routes and load their vehicles with the packages for delivery.

12. Plaintiffs typically worked six days per week for 12 to 15 hours per day.

13. Defendants failed to pay Plaintiffs for all hours worked.

14. Defendants further failed to pay Plaintiffs overtime compensation for all hours worked above 40 per week.

15. Defendants further failed to pay Plaintiffs for all stops made on their delivery routes.

16. Defendants further failed to keep accurate records of all hours worked by Plaintiffs.

17. Nevertheless, Plaintiffs were scheduled and required to work six days per week for 12 to 15 hours per day.

18. Accordingly, Plaintiffs worked between 72-90 hours per week for Defendants.

19. Despite working between 72-90 hours per week, Defendants failed to pay Plaintiffs for all hours worked, including overtime rates for all hours worked above 40 per week.

20. Plaintiffs suffered economic harm as a result of Defendants' actions.

21. Plaintiffs are not exempt from the overtime requirements of the NJWHL.

22. Defendants' failures to pay Plaintiffs for all hours worked, including overtime compensation for hours worked above 40 per week, constitute violations of Plaintiffs' rights under the NJWHL and NJWPL, mandating the imposition of liquidated damages.

## Class Action Allegations

23. Plaintiffs hereby repeat and re-allege paragraphs 1 through 22, as though fully set forth herein.

24. Derieux brings this class action on behalf of himself and all other persons similarly situated (collectively, "Plaintiffs") pursuant to N.J. Ct. R. 4:32.

25. The "Class" which Derieux seeks to represent is defined as:

> **Any individual performing work as a Home Delivery Driver for Defendants in the State of New Jersey from six years preceding the date on which Plaintiffs' original complaint was filed to the present.**

26. As to numerosity, the Class is so numerous that joinder of all individual members in one action would be impracticable, and the disposition of their claims through this Class action will benefit both the parties and the Court.

27. Plaintiffs anticipate that there are, at a minimum, multiple hundreds of members that comprise the Class.

28. The exact size of the Class and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' personnel, payroll and tax records.

29. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

30. As to typicality, Derieux's claims are typical of the claims of the entire Class and are based on the same legal theories and arise from the same unlawful conduct of the Defendants.

31. Derieux and all members of the Class each performed Home Delivery Driver services for Defendants in the State of New Jersey during the time period defined the Class period and were each compensated pursuant to the same scheme articulated above by Defendants, which scheme failed to compensate for all hours worked, including overtime compensation due and owing for all hours worked above 40 per week.

32. As to common questions of fact and law, there is a well-defined community of interest and common questions of fact and law affecting Derieux and all members of the Class.

33. The questions of fact and law common to all members of the Class predominate over questions which may affect individual members and include the follows:

   (a) Whether Defendants failed to compensate Plaintiffs for all hours worked in violation of the NJWHL and NJWPL;

   (b) Whether Defendants failed to provide overtime compensation to Plaintiffs for all hours worked above 40 in each workweek in violation of the NJWHL; and

(c) The remedies available to Plaintiffs, including back pay due, liquidated damages, attorneys' fees, costs and interest.

34. As to adequacy of representation, Derieux is an adequate representative of the Class because his interests are aligned, and do not conflict, with the interests of the Class which Derieux seeks to represent.

35. Derieux will fairly, adequately and vigorously represent and protect the interests of the Class and has no interests that are antagonistic to the Class.

36. Derieux has retained counsel who are competent and experienced in the prosecution of the claims herein, including in class action litigation.

37. As to superiority, a class action is superior to other available means for the fair and efficient adjudication of the claims of the Class because, while the aggregate damages which may be awarded to the Class may be substantial, the actual damages suffered by individual members of the Class are comparatively small, resulting in an economically unfeasible and procedurally impracticable expense and burden upon individual litigants and their counsel to seek redress on an individual basis outside of the class procedure for the conduct alleged herein.

38. Accordingly, the likelihood of individual Class members prosecuting separate claims is remote.

39. In addition, individual claims brought by individual Class members poses the potential for varying, inconsistent or contradictory judgments, would increase the delay and expense to all parties and the court system and result in multiple trials to determine the same factual issues.

40. In contrast, proceeding on these claims in a class action presents fewer difficulties for case management, conserves the resources of the parties and the court system and protects the rights of each Class member.

41. Derieux has no knowledge of any facts or circumstances that would impose difficulty in the management of this action that would preclude its maintenance as a class action.

## COUNT I

### Violation of the NJWHL

42. Derieux hereby repeats and re-alleges paragraphs 1 through 41, as though fully set forth herein.

43. For the reasons set forth above, Defendants are liable to Derieux and all members of the Class for violating their rights under the NJWHL by failing to compensate Plaintiffs for all hours worked, including overtime compensation.

WHEREFORE, Plaintiffs demand relief from Defendants jointly, severally and in the alternative, together with:

(a) An order certifying the Class articulated above, appointing Derieux as the representative of the Class and appointing counsel of record for Derieux as counsel for the Class; and thereafter

(b) Judgment entered by the Court:

(i) Declaring that the acts and practices complained of herein are in violation of the NJWHL;

(ii) Directing Defendants to make Plaintiffs whole for all unpaid compensation, including overtime compensation, due as a consequence of Defendants' violation of the NJWHL, together

7

    with interest thereon from the date(s) such wages were due but unpaid;

(iii) Awarding Plaintiffs liquidated damages in an amount equal to 200% of all economic damages caused by Defendants' violation of the NJWHL;

(iv) Awarding Plaintiffs the cost of this action together attorneys' fees, with statutory enhancement to same; and

(v) Ordering such other and further relief as the Court may deem just and proper.

## COUNT II

### Violation of the NJWPL

44. Derieux hereby repeats and re-alleges paragraphs 1 through 43, as though fully set forth herein.

45. For the reasons set forth above, Defendants are liable to Derieux and all members of the Class for violating their rights under the NJWPL by failing to compensate Plaintiffs for all hours worked at the time(s) such compensation was due and owing.

WHEREFORE, Plaintiffs demand relief from Defendants jointly, severally and in the alternative, together with:

(a) An order certifying the Class articulated above, appointing Derieux as the representative of the Class and appointing counsel of record for Derieux as counsel for the Class; and thereafter

(b) Judgment entered by the Court:

(i) Declaring that the acts and practices complained of herein are in violation of the NJWPL;

(ii) Directing Defendants to make Plaintiffs whole for all unpaid compensation due as a consequence of Defendants' violation of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid;

(iii) Awarding Plaintiffs liquidated damages in an amount equal to 200% of all economic damages caused by Defendants' violation of the NJWPL;

(iv) Awarding Plaintiffs the cost of this action together attorneys' fees, with statutory enhancement to same; and

(v) Ordering such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

Dated: January 20, 2023

By: */s/ Miriam S. Edelstein*
**Miriam S. Edelstein**